## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| EMERSON M. ANDERSON, | ) | CASE NO. 1:13cv1630 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DAVID LESS, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Emerson M. Anderson filed this action under 42 U.S.C. § 1983 against Lorain Correctional Institution ("LORCI") Health Care Administrator David Less, LORCI Nurse Quality Insurance Coordinator ("QIC") Gina Maddox, LORCI Nurse John Doe #1, LORCI Nurse John Doe #2, LORCI Nurse John Doe #3, and Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Medical Inspector Mona Parks. In the complaint, plaintiff alleges he was denied appointments with a physician to obtain medications and was told to purchase the medications from the commissary. He claims he does not have sufficient funds in his account to purchase these medications, and asserts that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks monetary damages.

### I.  Background

Plaintiff is engaged in a dispute with the LORCI medical department concerning who should provide and pay for his over-the-counter medications. He contends he has chronic allergy symptoms, heartburn, dandruff, and arthritis, for which physicians have advised him to take allergy tablets, Prilosec, Motrin, Tylenol, and Naprosyn (Alleve)

which can all be purchased without a prescription at the LORCI commissary. He was also advised to purchase lotions and dandruff shampoos for his dandruff and dry skin. He contends that the medical department at LORCI should provide these medications and ointments to him at no cost because he does not have sufficient funds in his account to purchase them. He repeatedly signed up for sick call, asking to be referred to a doctor in order to obtain medication to relieve his symptoms. He claims the triage nurses refused to refer him for a physician visit, and instead advised him to purchase the medications at the prison commissary. Plaintiff claims he makes only $17 per month at his prison employment[1] and does not have sufficient funds in his prison trust account to buy the medications after purchasing other items.

The medical department staff informed plaintiff that he is not indigent and he could afford to purchase the medications if he made wiser budgeting choices. Specifically, in response to his grievances, Maddox suggested that he could have purchased allergy medication, if he had not chosen to purchase ice cream, which was three times as expensive as the medication he needed. Maddox suggested that if his allergies caused him such discomfort, he should prioritize his spending. Similarly, the Institutional Inspector noted with respect to his heartburn that Plaintiff "has made significant purchases from [the] commissary every month, but has not purchased his Prilosec. In addition he is purchasing spicy Cajun noodles every commissary visit which is probably why he has heartburn." (Doc. No. 1-7 at 37.) The Inspector concurred with Maddox, stating that plaintiff has the

---

[1] While plaintiff states in his complaint that his state pay is $16 per month, the prison cashier attached a summary of his account statement which indicates his state pay is $17 per month.

2

capability of purchasing his medications through the prison commissary, but has chosen not to do so.[2] Plaintiff claims Maddox, Pawlus, Parks, and John Does ## 1-3 were deliberately indifferent to his serious medical needs.

Finally, plaintiff claims Health Care Administrator David Less failed to properly supervise his staff and did not overrule the decisions of Maddox or order the medical department to provide the medication to him through a prescription. He claims Less also violated his Eighth Amendment rights.

## II. Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *see Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

---

[2] Plaintiff's prison trust account statement (Doc. No. 1-2 at 28) indicates plaintiff spent $123.93 at the prison commissary from February 13, 2013 to August 13, 2013.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atlantic Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Analysis

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (internal quote omitted). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs, or extreme deprivations

4

regarding the conditions of confinement, will implicate the protections of the Eighth Amendment. *Id*. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

As a threshold matter, plaintiff fails to establish the objective component of his claim. The duty under the Eighth Amendment to provide a certain level of health care to incarcerated offenders is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Only serious medical needs trigger Eighth Amendment protections. *Id.* A medical condition is deemed to be serious if it is "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Maladies that most members of the general public treat at home with over-the-counter remedies generally are not considered to be serious medical needs under the Eighth Amendment. *See Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127, at *13-*14 (N.D. Ill. Sept. 15, 2010) (acid reflex did not rise to the level of a serious medical need for purposes of Eighth Amendment analysis); *Latona v. Pollack*, No. 07-1 Erie, 2010 WL 358526, at *8 (W.D. Pa. Jan. 25, 2010)(fever and sore throat are not

5

serious medical needs because of common recognition that doctors can do little to treat a cold virus); *Peters v. Berghuis*, No. 1:09–cv–14, 2009 WL 261387, at *6 (W.D. Mich. Feb. 3, 2009) (sinus headaches and congestion pressure are not the sort of serious medical conditions that implicate the Eighth Amendment); *George v. Jones*, No. C 06-2800 CW (PR), 2008 WL 859439, at *7 (N.D. Cal. Mar. 28, 2008) (heartburn, which is common among the American population and can be managed through diet, exercise, and medication, is not a serious medical need within the meaning of the Eighth Amendment); *Davidson v. Scully*, No. 81 Civ. 0390(PKL), 86012, 2001 WL 963965, at *5 (S.D.N.Y. Aug. 22, 2001) (inmate's common seasonal allergies were not a serious medical need under the Eighth Amendment"); *Hudgins v. DeBruyn*, 922 F. Supp. 144, 148 (S.D. Ind. 1996) (indigestion, constipation, dandruff, acne, vitiligo, chapped lips, dry hands, most headaches, common colds, and muscle ache from exertion are not serious medical needs). The state need not treat prisoners at a level that "exceeds what the average reasonable person would expect or avail [him]self of in life outside the prison walls." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *Lapine v. Caruso*, 1:10-CV-1272, 2011 WL 588774, at *5 (W.D. Mich. Feb. 10, 2011).

Here, plaintiff complains he suffers from an itchy dry scalp and skin, allergies, heartburn, and pain in his knees. He has been prescribed over-the-counter medications, lotion, and shampoo to treat these conditions, and he suggests these medications are effective when he takes them. Plaintiff does not allege facts that suggest these conditions are sufficiently serious to trigger Eighth Amendment protections.

Even if plaintiff's medical conditions were objectively serious, he fails to

allege facts to demonstrate the defendants were deliberately indifferent to his ailments to satisfy the subjective component of his Eighth Amendment claim. Plaintiff claims defendants are requiring him to purchase his medications from the commissary, but he does not have sufficient funds in his account after purchasing other items to buy the medications. Charging inmates who can pay for medical care does not constitute deliberate indifference. *Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3d Cir. 1997); *Washington v. Sommerville*, No. 98-5515, 1999 WL 253652, at *2 (6th Cir. Apr. 23, 1999). Prisoners can be asked to budget their monthly income and to be selective in their purchases to enable them to buy their own medications. *Reynolds*, 128 F.3d at 175. If the prisoner makes the choice to purchase other items and forego medication, any delay in treatment which occurs is solely a result of inmate's decisions, not because of any conduct on the part of the prison administration. *Id.*

Plaintiff's prisoner trust account statement filed with his application to proceed *in forma pauperis* (Doc. No. 5) indicates plaintiff spent $123.93 at the prison commissary in a six-month period of time. These purchases included the spicy Cajon ramen noodles referenced by the Institutional Inspector, sour cream and onion potato chips, nacho cheese tortilla chips, and ice cream. The defendants were not deliberately indifferent to plaintiff's medical needs by asking him to choose between purchasing spicy snack food, and purchasing over-the-counter medications to relieve his discomfort.

Finally, even if plaintiff had stated a viable claim for relief under the Eighth Amendment, he failed to allege sufficient facts to impose liability on Maddox, Pawlus, Parks, and Less. Maddox, Pawlus and Parks are named as defendants in this action simply because they answered grievances in a way that was unfavorable to the plaintiff.

7

Responding to a grievance or otherwise participating in the grievance procedure, however, is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Plaintiff's claims against Less are based on his alleged failure to supervise his employees and override decisions with which plaintiff did not agree. Supervisory liability cannot be imposed on a theory of *respondeat superior*. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To be held liable for a claim for damages, the supervisor must have encouraged the specific misconduct or in some way directly participated in it. *See Monell*, 436 U.S. at 690-91; *Hays v. Jefferson Cnty.*, 668 F.2d 869, 873-74 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Liability can be imposed upon a supervisor: (a) when the supervisor actively participates in the unconstitutional conduct; *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); (b) when the supervisor encourages or condones the specific incident of misconduct; *Id.*; (c) where the supervisor has a policy of inadequately training subordinates, *Barber v. Salem*, 953 F.2d 232, 236 (6th Cir. 1992); and (d) when the supervisor fails to conduct a reasonable inquiry into the incident after the fact. *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985). Plaintiff does not allege sufficient facts to show that Less played an active role in the events plaintiff describes in the complaint, had a policy of inadequately training employees, or failed to conduct an inquiry into the decision after it was made. Instead, plaintiff is attempting to hold Less liable for the actions of LORCI medical personnel under a theory of *respondeat superior*. This is not a basis for liability in a civil rights action under 42 U.S.C. § 1983.

## IV. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 14, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**