UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMERSON M. ANDERSON, | ) | CASE NO. 1:13cv1630 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DAVID LESS, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On July 26, 2013, *pro se* plaintiff Emerson M. Anderson filed a complaint in the above titled action seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983 against seven defendants: David Less, medical personnel at the Ohio Department of Rehabilitation and Correction ("ODRC"); Gina Maddox and Mona Parks, registered nurses at ODRC; Ron Pawlus, a staff member at ODRC; and "Un-Named #1," "Un-Named #2" and "Un-Named #3," medical staff at ODRC. (Doc. No. 1 ["Compl."] at 3-6.) Anderson alleged that defendants denied him medical treatment in violation of his rights under the Eighth and Fourteenth Amendments. (*Id*. at 2.)

The Court dismissed Anderson's complaint upon initial screening pursuant to 28 U.S.C. § 1915(e). (Doc. No. 7.) Anderson appealed. On September 19, 2014, the Sixth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings. (Doc. No. 14 ["Opinion"].) The Sixth Circuit found that Anderson stated a claim for deliberate indifference against Un-Named #2 only. (Opinion at 123-25.) With respect to the remaining defendant—Un-Named #2—the Sixth Circuit stated:

> We note that although this court's authority permits a plaintiff to name an unidentified "Jane Doe" defendant as a placeholder, *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010), those defendants are entitled to notice that they are subject to suit within the applicable limitations period, *Smith v. City of Akron*, 476 F. App'x 67, 69–70 (6th Cir. 2012). Civil rights suits have a two-year statute of limitations in Ohio. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). Because the alleged violation occurred November 1, 2012, Anderson must identify Un-Named #2 before November 1, 2014 in order to preserve his claim against her.

(*Id*. at 125.)

On October 1, 2014, Anderson filed in the Sixth Circuit a "Petition For Panel Rehearing" (Sixth Circuit Court of Appeals Case No. 14-3167, Doc. No. 19), a "Motion For Extension of Time to Provide For Name of Un-Named Defendants" (*Id*., Doc. No. 20), and a "Motion for Discovery to Provide For Name of Un-Named Defendants" (*Id*., Doc. No. 21). On November 4, 2014, the Sixth Circuit denied Anderson's "petition for rehearing and pending motions[.]" (*Id*., Doc. No. 22.)

To date, Anderson has not identified Un-Named #2. This Court's reading of the Sixth Circuit's Opinion on Remand required Anderson to identify un-Named # 2 before November 1, 2014. Because Anderson failed to identify Un-Named #2 by November 1, 2014, as directed by the Sixth Circuit, his claim against Un-Named #2 is dismissed. Having dismissed the only remaining claim in the complaint, the Court directs the Clerk to close this case. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to

issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      **IT IS SO ORDERED**.


Dated: December 3, 2014

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**